UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                       :

ROSE CARACCIOLO,
                                        :

                   Plaintiff,            :                 **MEMORANDUM AND ORDER**

                                        :

               -against-              :                 07 Civ. 3487 (KNF)

                                        :

UNITED STATES MERIT SYSTEMS
PROTECTION BOARD,                   :

                   Defendant.       :
-------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Rose Caracciolo ("Caracciolo"), proceeding pro se, brings this action, against the United States Merit Systems Protection Board ("USMSPB"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking an order directing the agency to disclose certain agency records to her.  In her complaint, the plaintiff alleged she made FOIA requests to the agency, for records concerning the defendant's dismissal of an appeal she made challenging a disability annuity determination by the federal Office of Personnel Management.  Specifically, Caracciolo alleged she sought the "'transcription' of 'official' [October 30, 2000] hearing tape and copy of the United States Office of Personnel Management's rescinding papers submitted to the administrative judge during settlement agreement of October 30, 2000," but the agency withheld these documents from her.  On January 11, 2008, USMSPB made a motion, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the action for lack of subject matter jurisdiction, or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 56.[1]  Despite the grant of an enlargement of

---

[1] The Court notes that the defendant's alternative motion, made pursuant to Fed. R. Civ.
                                                    (continued...)

time for the plaintiff to oppose the defendant's motion, she failed to do so.

*Fed. R. Civ. P. 12(b)(1)*

An action may be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, "when [a] district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In determining a motion made pursuant to Fed. R. Civ. P. 12(b)(1), a "court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). Where, as here, the plaintiff is appearing pro se, her pleadings "are [to be] held to 'less stringent standards than formal pleadings drafted by lawyers.;" Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980), and should be interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)(citation omitted). Additionally, a district court adjudicating a motion made pursuant to Fed. R. Civ. P. 12(b)(1) may refer to evidence outside the pleadings, including affidavits, in order to resolve factual disputes. See Makarova, 201 F.3d at 113; Robinson v. Gov't of Malaysia, 269 F.3d 133, 140-41 (2d Cir. 2001). The plaintiff bears the burden of showing, by a preponderance of the evidence, that subject matter jurisdiction exists. See Makarova, 201 F.3d at 113.

FOIA provides: "On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). "The burden is on

---

[1](...continued)
P. 56, is subject to denial based on the defendant's failure to comply with the requirement imposed by Local Civil Rule 56.1(a) of this court. However, the Court need not reach the defendant's alternative motion, due to its disposition of the action pursuant to Fed. R. Civ. P. 12(b)(1).

the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency

records' or have not been 'improperly' 'withheld.'" United States Dep't of Justice v. Tax

Analysts, 492 U.S. 136, 142 n.3, 109 S. Ct. 2841, 2847 n.3 (1989).

The defendant contends the plaintiff's complaint should be dismissed "for lack of subject

matter jurisdiction because Plaintiff cannot demonstrate that the USMSPB withheld any agency

record in responding to Plaintiff's FOIA Request."  In support of its motion, USMSPB submitted

a declaration of its information management specialist, Bernard Parker ("Parker"), stating that, in

response to the plaintiff's FOIA requests, he sent her "a complete copy of the eight board records

and three hearing tapes" concerning all plaintiff's appeals, docketed with the agency under Nos.

NY-831M-98-0048-I-1, NY-831M-98-0048-I-2, NY-831M-98-0048-B-1 and NY-831M-98-

0048-B-2.  Parker stated he sent the plaintiff "a copy of the original monitored [October 30,

2000] hearing tape" and a letter, dated October 3, 2006, advising her that the USMSPB's

"official record does not contain a transcript" of the October 30, 2000 hearing.  According to

Parker, the plaintiff returned the complete copy of the case record sent to her because it did not

contain "[r]escinding documents that the Judge relied on to dismiss [her] appeal" or the

requested October 30, 2000 hearing transcript.  By a letter, dated February 22, 2007, Parker

informed the plaintiff that "[i]f the documents were not included with the case record we

provided you that would indicate that the Board does not have the documents you seek."

Additionally, Parker advised Caracciolo that "[t]he Board's records generally do not contain

written transcripts.  The Board does not produce transcripts unless the conditions warrant the

exceptions to payment of costs found at 5 [C.F.R.] §102.53 (c)."

Although the defendant is correct that the plaintiff bears the burden of showing, by a preponderance of the evidence, that subject matter jurisdiction exists, FOIA imposes a burden on the defendant to establish that the district court lacks authority to devise remedies and to enjoin the agency, by showing the agency has not withheld agency records from the complainant improperly. Here, the defendant demonstrated, by competent evidence, that: (a) it submitted the entire case record to the plaintiff, in response to her FOIA requests; and (b) the documents the plaintiff requested, namely, the transcript of the October 30, 2000 hearing tape and the "rescinding papers," did not exist in its case record for the plaintiff. The Court finds that the defendant has met its burden of establishing that the Court lacks jurisdiction to enjoin the defendant and to order the production of agency records sought by the plaintiff, by showing that it did not withhold from the plaintiff any of her record documents.

For the reasons set forth above, the defendant's motion, made pursuant to Fed. R. Civ. P. 12(b)(1) ( Docket Entry No. 10), is granted, and the plaintiff's complaint is dismissed. The Clerk of Court is directed to close this action.

Dated: New York, New York
July 3, 2008

SO ORDERED:

_Kevin Nathaniel Fox_

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Rose Caracciolo
Wendy H. Waszmer, Esq.